UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| SAGE ANDREW CASH | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-316 |
| | ) | *Greer/Inman* |
| AUTUMN ARMSTRONG, DONNA | ) | |
| CARTER, BUTCH GALLION, and | ) | |
| BRITTANY SAUNDERS | ) | |

**MEMORANDUM and ORDER**

Acting *pro se*, Sage Andrew Cash, a state inmate housed in the Hawkins County jail ("the jail") in Rogersville, Tennessee, has submitted this civil rights complaint for damages under 42 U.S.C. § 1983, asserting that he is being denied freedom of religion and medical treatment for "vision problems," from which he is suffering at the jail, (Docs. 1, 4).

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, (Doc. 2), and he is **ASSESSED** the full filing fee of three hundred and fifty dollars ($350). The custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding

monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. *Id.*, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007). Payments should be sent to: <u>Clerk, USDC; 220 W. Depot St., Suite 200; Greeneville, TN 37743.</u>

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to Derrick D. Schofield, Commissioner of the Tennessee Department of Correction. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

I. Screening

The Court now must screen the pleadings to determine whether the case should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e) (2) and § 1915A. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). All well-pleaded allegations in the complaint will be taken as true and the factual allegations will be considered to determine whether "they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The Court examines the complaint in light of those requirements.

II. Plaintiff's Allegations

Named in the complaint as Defendants are Autumn Armstrong and Donna Carter, both of

whom are listed as Hawkins County Jail Administrators; Butch Gallion, who serves as a jail lieutenant; and Brittany Saunders, the Head Nurse at the jail. Plaintiff alleges two distinct claims for relief.

A. *Claim One*

According to the pleading, Plaintiff has been trying to convert to Islam and has been having conversations with Defendant Autumn Armstrong concerning his intended conversion. When Defendant Armstrong asked Plaintiff to specify the materials he needed for his religious conversion, he reported that he needed a Quran, a kuffie (a skull prayer cap), a prayer rug, a Ramadan schedule, a special diet, a container of ointment, and to be able to speak with someone who could help him understand parts of the Quran which he found confusing. Because the jail had no prior experience with Muslim prisoners, Defendant Armstrong said she would get back to Plaintiff regarding the situation.

On September 19, 2014, Defendants Armstrong and Carter, along with two correctional officers, removed Plaintiff from the pod and questioned him as to his reasons for converting to Islam. Plaintiff stood firm with regard to his intentions and cautioned them not to "disrespect [his] religious choices," [Doc. 1, Compl. at 4). On September 22, 2014, the same Defendants again removed Plaintiff from the pod and Defendant Armstrong told him that the jail had ordered a Quran for him, but that the remainder of his requested materials was prohibited by the jail's security protocols.

However, Defendant Armstrong also stated that instead of a "kuffie," the jail would supply him with four coffee filters and that instead of a prayer rug, he would be allowed to use a towel. Defendant Carter stated that the jail would obtain the Quran, but would not help Plaintiff locate an

3

address for someone he could contact to assist him in building his knowledge of the faith. The items to be used as substitutes for the originally requested religious materials were brought to him several minutes after he was returned to his cell.

*B. Claim Two*

In this claim, Plaintiff alleges that, on July 14, 2014, he was informed by Defendant Lt. Butch Gallion that he would be taken for an eye examination, if the doctor deemed it to be "emergency necessary," [*Id*. at 5]. Plaintiff was taken to the infirmary and seen by Dr. Matthews and Nurse Amber. Dr. Matthews told Plaintiff that he would be provided an emergency medical eye exam, as soon as Nurse Brittany Saunders approved it through the Sheriff. On October 8, 2014, Defendants Gallion and Armstrong removed Plaintiff from his cell, told him that Nurse Saunders had just reviewed the report with them, and informed him he would not be receiving an eye exam, unless he himself provided the funds. When Plaintiff contested that he was an indigent inmate who should not have to pay for an exam, Defendant Gallion explained that the jail could not afford the exam.

### III. Law & Analysis

*A. Right to Freely Practice Religion*

The First Amendment provides, in relevant part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend I. While incarcerated, prisoners retain certain constitutional rights, including the right to exercise their religious beliefs, *Cruz v. Beto*, 405 U.S. 319 (1972); *Thompson v. Kentucky*, 712 F.2d 1078, 1080 (6th Cir. 1983), subject to reasonable restrictions and limitations by prison officials. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350-53 (1987); *Turner v. Safley*, 482 U.S. 78, 88-93

4

(1987).

At this point in these proceedings, the Court does not find these allegations to be frivolous or malicious and cannot say that they do not state a claim which would entitle Plaintiff to relief under § 1983. Thus, the allegations may advance.

B. *Deprivation of Vision Care*

Deliberate indifference to an inmate's serious medical needs constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even a layman would recognize care is required. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004). A sufficiently culpable state of mind—one of deliberate indifference—may be evinced by showing that a correctional official knows of, but disregards, an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994).

Broadly construing these *pro se* allegations, Dr. Matthews recommended that Plaintiff receive an emergency eye examination, but Defendants denied the exam because of financial constraints. At the pleading stage, the Court cannot say that Plaintiff's contentions are frivolous or malicious or that they fail to state a claim for relief under § 1983.

## IV. Service of Process

Accordingly, the Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for each Defendant. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for

5

service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within twenty (20) days from the date of service.

Finally, Plaintiff **SHALL** promptly notify the Court of any address changes and he is **ADVISED** that his failure so to do, within ten (10) days of any such change, will result in the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE