UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SAGE ANDREW CASH, )
 )
　　　　Plaintiff, )
 )
v. ) No.　2:14-CV-316-JRG-MCLC
 )
AUTUMN ARMSTRONG, *et al.*, )
 )
　　　　Defendants. )

## MEMORANDUM OPINION

This civil matter is before the Court on a motion for summary judgment by defendants Autumn Armstrong and Donna Carter ("Defendants") [Doc. 24]. Plaintiff has not filed a response in opposition to the request and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, the Court will grant Defendants' motion for summary judgment.

### I.　BACKGROUND

#### A.　Procedural

Plaintiff filed this instant action under 42 U.S.C. § 1983 against Autumn Armstrong, Donna Carter, Butch Gallion, and Brittany Saunders on October 21, 2014 [Doc. 1]. In the complaint, Plaintiff claimed that Defendants failed to accommodate his religious beliefs [Doc. 1]. Defendants were served and filed a timely answer to the complaint on February 27, 2015 [Doc. 11]. On June 17, 2015, Plaintiff requested leave to amend the complaint in order to add another defendant [Doc. 19]. This Court denied Plaintiff's request to add the newly identified defendant because that defendant enjoyed Eleventh Amendment immunity, thus making it futile

to add such a defendant to the action [Doc. 22].

On May 12, 2016, Defendants filed a motion for summary judgment claiming the following: Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"); and, regardless, these Defendants are entitled to qualified immunity on the merits [Doc. 24]. In support of their request, Defendants filed a memorandum and statement of material facts [Docs. 25, 26]. Notably, Plaintiff has not responded in opposition to summary judgment or submitted any evidence in support of his claims.

**B.    Factual[1]**

While housed at Hawkins County Jail, Plaintiff submitted requests related to the Muslim religion on September 2, 14, 18, and 23, 2014 [Doc. 24-1 at ¶ 14]. On September 18, 2014, Plaintiff requested the following items by means of the jail's online kiosk system:

> I AM NEEDING A QUA'RAN PRAYER RUG, RELIGIOUS HAT-KUFFIE, PRAYER OIL, RAMADON SCHEDULE, MUSLIM DIET, ADDRESS TO A MUSLIM CHURCH SO I CAN START RECEIVING VISITS SINCE THIS FACILITY DOESN'T HAVE RELIGIOUS MEETINGS FOR MUSLIMS . . . PLEASE GET THESE THINGS TO ME AS SOON AS POSSIBLE -  I FEEL WITHOUT THESE THINGS THERE IS NO GOD!!

[Doc. 24-1 at 23, 24-2 at ¶ 4].

Mr. Cash was provided coffee filters to use as a kufi and a towel to use as a prayer rug [Doc. 24-2 at ¶¶ 5,6]. The decision to provide coffee filters as a kufi and a towel as a prayer rug was made upon the recommendation of Tonya West, a State Jail Inspector with the Tennessee Corrections Institute ("TCI") [*Id.* at ¶ 7]. Inspector West advised Defendants to provide Plaintiff with coffee filters and a towel because that is what the TCI had recommended to other county

---

[1] Plaintiff has not submitted any affidavits or other evidence in support of the claimed series of events contained in his complaint. As such, the following factual summary is derived from the evidentiary record created by affidavits and exhibits submitted contemporaneously with Defendants' motion for summary judgment [Docs. 24-1, 24-2, 24-3].

jails as a solution to similar requests [*Id*.]. Plaintiff was provided a copy of the Quran and advised that he could have his family bring him a kufi and/or a prayer rug [Doc. 24-1 at ¶¶ 16, 17]. With respect to prayer oil, Plaintiff could not have liquid oil in his cell because of security concern about possible jail contraband [*Id*. at ¶ 18]. With respect to obtaining a Ramadan schedule, Plaintiff could have written to any family member or friend asking them to look up the 2014 Ramadan schedule or he could have asked any visitor to look it up for him [*Id*. at ¶ 19]. With respect to contacting someone to consult with about the Muslim religion, Plaintiff could have asked the Jail's Chaplain to provide this information; or he could have asked family or friends to look up this information [*Id*. at ¶ 20]. Defendant Armstrong met with Plaintiff to discuss his request for a Muslim diet, but Plaintiff was unable to clarify his request because he did not know what the diet consisted of [Doc. 24-2 at ¶ 8]. Since neither Defendants nor Plaintiff were aware of the requirements of a Muslim diet, no further action was taken [*Id*.]. Defendants deny ever making any "vulgar" or "anti-Muslim" comments to Plaintiff as was outlined in his complaint [*Id*. at ¶ 10].

On October 21, 2014, Plaintiff filed the instant action against Defendants asserting that Defendants failed to accommodate his religious beliefs [Doc. 1, Doc. 26].

## II. STANDARD

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The motion can be limited to a single claim or part of each claim and the moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). Summary judgment is proper

where "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002). "Once the moving party presents evidence sufficient to support a motion under Rule 56, the non-moving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Catrett*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact proper for the factfinder. *Id.* at 250. The Court does not weigh the evidence, determine the truth of the matter, *id.* at 249, or search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). "The inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Liberty Lobby, Inc.*, 477 U.S. at 250.

**III. Analysis**

4

Defendants assert two theories in favor of summary judgment: failure to exhaust administrative remedies; and alternatively, qualified immunity [Doc. 24]. Because the Court agrees with the former, it does not reach the latter. The Court alternatively interprets Plaintiff's failure to file a response in opposition to Defendants' motion for summary judgment as a waiver of objection to the same and grants the motion on that basis.

### A. Failure to Exhaust

The PLRA, 42 U.S.C. § 1997e(a), provides: "No action shall be brought with respect to prison conditions under [§] 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted," *id*. This exhaustion requirement is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). That means the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88. In addition, a prisoner must exhaust the grievance process to all levels of appeal before filing his complaint. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Failure to follow the correctional facility's grievance procedures, i.e., exhaust administrative remedies, is fatal. *See Williams v. Moore*, 34 F. App'x 475, 477 (6th Cir. May 7, 2002); *Black v. Tarver*, 21 F. App'x 285, 286 (6th Cir. August 9, 2001).

Defendants argue that Plaintiff never submitted an administrative grievance regarding any kind of religious discrimination or failure to accommodate his religious belief, despite his being extremely familiar with the procedures for submitting such grievances [Doc. 24-1 at ¶ 10]. Defendants contend that Plaintiff's failure to file a grievance as to his claims results in a failure to exhaust his administrative remedies and thus urge the Court to dismiss those claims. [Doc. 25].

Upon review, the Court agrees. Hawkins County Jail has a kiosk system through which inmates can submit either a "request" or a "grievance" online [Doc. 24-1 at ¶ 4]. When submitting a communication through the kiosk system, the inmate specifies whether he is submitting a "grievance" or whether he is making a "request" [*Id*.]. A request is an inmate asking for something or asking a question [*Id*.]. A grievance is an inmate making a complaint about some alleged wrong [*Id*.]. At the time of his incarceration, if Plaintiff filed a grievance, he could select to whom to send the grievance from a list of supervisors [*Id*.]. The list included defendant Lt. Gallion and his direct supervisor, Chief Deputy Tony Allen; a grievance about the former could be sent to the latter [*Id*.].

Review of the evidentiary record makes clear that Plaintiff had an extensive history using the kiosk system and, as a result, clearly understood the difference between filing a request versus submitting a grievance [*Id*. at ¶¶ 10-11; Exhibits A and B]. Plaintiff did not submit any grievances related to becoming a Muslim [*Id*. at ¶ 13; Exhibit B]. He did, however, submit requests related to the Muslim religion on September 2, 14, 18, and 23, 2014 [*Id*. at ¶ 14; Exhibit A]. He also submitted a request on October 10, 2014 wherein he alleged that certain legal paperwork had not been returned to him and he speculated that it was related to an "upcoming lawsuit" over "you all refusing me my religion." [*Id*. at ¶ 13; Exhibit A, at 12-16]. The record makes clear that Plaintiff understood the difference between a request and a grievance [*See id.* at ¶¶ 10-11; Exhibit B p. 2 (requesting copy of his "mittimus" through a grievance and explaining that Plaintiff had filed it in that manner because he was "out of requests")]. Because Plaintiff did not fully avail himself of the administrative procedures made available to him by the Hawkins County Jail, the Court finds that he did not exhaust administrative remedies and is barred from

bringing a claim of religious discrimination or failure to accommodate his religious belief under § 1983.

B. **Failure to Respond in Opposition to Motion for Summary Judgment**

As an alternative basis for dismissal, the Court notes that it may properly dismiss this case for want of prosecution. *See, e.g.*, *Custom v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986); Fed. R. Civ. P. 41(b). Failure to respond or otherwise oppose a motion operates as both a waiver of opposition to and an independent basis for granting the unopposed motion. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

More than nine months have passed since defendants filed the instant motion for summary judgment on May 12, 2016 [Doc. 24]. Plaintiff has not responded and, by way of the same, is found to have waived opposition to Defendants' request. *Millworks Construction, LLC v. Environmental, Safety & Health, Inc.*, No. 3:12-CV-177, 2015 WL 11019129, at *1-2 (E.D. Tenn. Mar. 23, 2015). As a result, the motion will be granted.

IV. **CONCLUSION**

For these reasons, Defendants' motion for summary judgment [Doc. 24] will be **GRANTED** and Autumn Armstrong and Donna Carter will be **DISMISSED** from this action.

**SO ORDERED.**

                                          s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE