UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SAGE ANDREW CASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14-CV-316-JRG-MCLC |
| | ) |
| AUTUMN ARMSTRONG, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

On March 6, 2017, Plaintiff in this pro se prisoner civil rights case, filed under 42 U.S.C. § 1983, was ordered to show cause, within ten (10) days, as to why it would not be futile to allow this matter to advance further against the remaining unserved defendant, Brittany Saunders [Doc. 33 p. 2]. Plaintiff was forewarned that if he failed to comply with the Court order, "the Court will dismiss Brittany Saunders as a Defendant and will dismiss this entire case" [*Id.*]. More than ten days have passed since the Order was issued, and Plaintiff has failed to show cause or otherwise respond to the Court's Order. The failure of a pro se party to timely respond to an order addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. E.D. Tenn. L.R. 83.13.

Furthermore, the last three memorandums and orders filed by this Court have been returned as undeliverable [*see* Docs. 34, 35, 36] indicating that Plaintiff has not provided the Court with his current address. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Notification of a change of address must be accomplished by filing a Notice with the Clerk and

service of the Notice upon all other parties within fourteen (14) days of the change of address. E.D. Tenn. L. R. 83.13. As the record reflects, Plaintiff has failed to comply with these local rules.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

For the reasons discussed herein, this action will be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE